IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


DEVEN SUESUE,                                               CV. 10-1295-MO

       Petitioner,

  v.                                                        OPINION AND ORDER

JEFFREY THOMAS, Warden,

       Respondent.


    STEPHEN R. SADY
    Office of the Federal Public Defender
    101 SW main Street, Suite 1700
    Portland, OR  97204

        Attorney for Petitioner


    DWIGHT C. HOLTON
    United States Attorney
    RONALD K. SILVER
    Assistant United States Attorney
    1000 SW Third Avenue, Suite 600
    Portland, OR  97204-2902

        Attorneys for Respondent


1 - OPINION AND ORDER

Mosman, District Judge.

Petitioner, an inmate at Federal Correctional Institution, Sheridan, Oregon ("FCI Sheridan") at the time of filing, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He alleges the Bureau of Prisons' ("BOP") regulations, codified at 28 C.F.R. § 550.55(b)(5)(2009), that categorically disqualify inmates with a current felony conviction for an offense involving the carrying, possession, or use of a firearm or other dangerous weapon or explosives from the early release incentive associated with the Residential Drug Abuse Treatment Program ("RDAP"), are procedurally invalid. Petitioner asks the Court to invalidate the 2009 regulations under the Administrative Procedures Act ("APA"), and order the BOP to evaluate his eligibility for the early release incentive without regard to the 2009 rules. For the reasons set forth in *Peck v. Thomas*, CV 10-709 (Mar. 30, 2011), the Court finds 28 C.F.R. § 550.55(b)(5)(2009) valid under the APA. Accordingly, Petitioner is not entitled to relief and the Writ of Habeas Corpus (#2) is DENIED.

## BACKGROUND

I.  Statutory Background.

In 18 U.S.C. §§ 3621-3625, Congress vested the BOP with broad authority to manage the imprisonment of a convicted person, and specified "[t]he Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C.

2 - OPINION AND ORDER

§ 3621(b). In § 3621(e), Congress articulated a specific statutory mandate for residential substance abuse treatment programs for "eligible prisoners." The program the BOP created to satisfy this mandate is the Residential Drub Abuse Program ("RDAP").

In 1994, Congress enacted the Violent Crime Control Law Enforcement Act of 1994 ("VCCLEA"), which amended 18 U.S.C. § 3621 to include a discretionary early release incentive for inmates convicted of non-violent offenses who successfully completed RDAP. 18 U.S.C. § 3621(e)(2).[1] The statute does not define "non-violent offenses."

Beginning in 1995, exercising its broad discretion under the statute, the BOP promulgated a series of implementing regulations and internal agency guidelines for administering the early release incentive for non-violent offenders.[2] These regulations and guidelines have excluded inmates convicted of a felony involving a firearm from eligibility for early release under § 3621(e)(2). The

---

[1]Section 3621(e)(2) specifies in relevant part:
**(A) Generally.** Any prisoner who, in the judgment of the Director of the [BOP], has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the [BOP] under such conditions as the Bureau deems appropriate.
**(B) Period of Custody.** The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the [BOP], but such reduction may not be more than one year from the term the prisoner must otherwise serve."

[2]The regulations and internal guidelines relevant to this action include: 28 C.F.R. § 550.55(b)(5)(ii)(2009); Program Statement P5331.02 and P5162.05 (effective March 16, 2009).

3 - OPINION AND ORDER

substantive and procedural validity of the BOP's categorical exclusion of inmates from eligibility for early release have been challenged in court repeatedly.

The Ninth Circuit upheld the substantive validity of 28 C.F.R. § 550.58(a)(1)(vi)(B) in *Bowen v. Hood*, 202 F.3d 1211 (2000).[3] The circuit court held the categorical exclusion of certain inmates from early release eligibility was a proper exercise of the BOP's discretion under the statute, and stated: "we see nothing unreasonable in the Bureau's making the common-sense decision that there is a significant potential for violence from criminals who carry, possess or use firearms while engaged in their felonious employment, even if they wound up committing a nonviolent offense this time." *Id*. at 1119. The following year, the Supreme Court upheld the substantive validity of the BOP's categorical exclusion of inmates from eligibility for early release in *Lopez v. Davis*, 531 U.S. 230 (2001). Finding 28 C.F.R. § 550.58(a)(1)(vi)(B) was a proper exercise of the Bureau's discretion under the statute, the Court stated:

> [T]he Bureau need not blind itself to pre-conviction conduct that the agency reasonably views as jeopardizing life and limb.
>
> *****
>
> [T]he statute's restriction of early release eligibility to nonviolent offenders does not cut short the considerations that may guide the Bureau. [T]he Bureau

---

[3] 28 C.F.R. § 550.58(a)(1)(vi)(B)(2000) was re-codified as 28 C.F.R. § 550.55(b)(5)(ii)(2009).

>     may consider aspects of the conduct of conviction, even
>     though the conviction is a criterion of statutory
>     eligibility.

*Id*. at 243-244. The Court also held the "Bureau reasonably concluded than an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." *Id*.

In *Lopez*, the Supreme Court did not address the procedural validity of the categorical exclusions under the APA. *Id*. at 244 n.6 (notice and comment requirement "not raised or decided below, or presented in the petition for certiorari."). In the Ninth Circuit, however, the BOP's regulations and related program statements have been invalidated under § 706(2)(A) of the APA. Section 706(2)(A) specifies a "reviewing court shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

II. <u>Ninth Circuit Litigation Under 5 U.S.C. § 706(2)(A)</u>.

    *A.  1995 Rule - 28 C.F.R. § 550.58(a)(1995)*.

In § 550.58 and Program Statement P5162.02, an accompanying internal agency guidelines, the BOP defined which inmates had been convicted of "crimes of violence" and would therefore be excluded from eligibility for early release. "Felon firearm possession" was categorized as a crime of violence rendering inmates ineligible for early release. In *Davis v. Crabtree*, 109 F.3d 566, 568-70 (9th

5 - OPINION AND ORDER

Cir. 1997)(inmate convicted of being felon in possession of a firearm), the Ninth Circuit held that the offense "felon in possession of firearm" had to be regarded as a nonviolent offense for purposes of § 3621(e) sentence reduction, and therefore the regulation was invalid. The court stated: "the BOP may not interpret the term "nonviolent offense" to exclude the offense of felon in possession of a firearm. We are bound by *Downey* [*v. Crabtree*, 100 F.3d 662 (9th Cir. 2006)(crime of violence does not encompass felon firearm possession under Ninth Circuit law)(citing cases)]." *Davis*, 109 F.3d at 668-70.

B.   *1997 Interim Rule*.

Responding to a Circuit split on the question of the substantive validity of the 1995 regulations, the BOP promulgated 28 C.F.R. § 550.58(a)(1)(vi)(B)(1997). In this rule, the BOP relied on the Director's discretion under the statute to categorically exclude inmates convicted of certain offenses from early release eligibility, including those with offenses involving the carrying, possession, or use of firearms, instead of relying on an interpretation of the statutory language "non-violent offenses" as it had in the 1995 rule. In *Paulsen v. Daniels*, 413 F.3d 999 (9th Cir. 2005), the Ninth Circuit found the BOP violated the APA in promulgating the 1997 interim rule because (1) the interim regulation was made effective prior to its publication in the Federal Register; and (2) although the BOP solicited comments, the

comments were not taken into account prior to the regulation being made effective.[4]

    *C.    2000 Final Rule.*

In December 2000, respecting the notice and comment requirement under § 553 of the APA, the BOP promulgated 28 C.F.R. § 550.58(a)(1)(vi)(B)(2000), a final regulation that was identical to the 1997 interim rule. In *Arrington v. Daniels*, 516 F.3d 1106, (9th Cir. 2008) the Ninth Circuit invalidated the rule under § 706(2)(A) of the APA. The Ninth Circuit found the first rationale identified by the lower court as a basis for categorical exclusion - the increased risk that offenders with convictions involving firearms might pose to the public - was "entirely absent from the administrative record." *Arrington*, 516 F.3d at 1113. The court noted,

> the Bureau articulated this rationale in its brief to the Supreme Court in *Lopez* . . . and is precisely the type of *post-hoc* rationalization . . . that the [court is forbidden] to consider in conducting review under the APA.
>
> Because no public safety rationale is present in the administrative record, the district court erred in relying on this explanation as a basis for its conclusion that the final rule withstands arbitrary and capricious review.

---

[4]Under the APA, agencies issuing rules must: (1) publish notice of the proposed rule-making in the Federal Register; (2) provide a period of comment on the proposed rule and consider comments submitted during the period before adopting the rule; and (3) publish the adopted rule not less than thirty days before its effective date. 5 U.S.C. § 553(b)-(d).

7 - OPINION AND ORDER

*Id*. The Ninth Circuit also found the second rationale proffered by the BOP, need for uniformity, did not justify a categorical *exclusion* of prisoners with non-violent convictions involving firearms instead of a categorical *inclusion* of prisoners with non-violent convictions involving firearms. *Id*. at 1114. The court found the BOP had not explained why, in seeking uniformity, it chose to exclude prisoners rather than include them. *Id*.

As a result of the *Davis* and *Arrington* decisions, the BOP promulgated new interim rules governing early release eligibility. In January 2009, the BOP promulgated a final rule, and again relied on the discretion of the Director under the governing statute, as recognized in *Lopez,* to categorically exclude inmates convicted of certain offenses.[5]  The validity of the 2009 Rule, specifically 28 C.F.R. § 550.55(b)(5), is the subject of this habeas action.

III. <u>Factual Background</u>.

Petitioner was convicted in April 2008 of felon in possession of a firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2). (#14, Attach. 1.)  He was sentenced to 70 months imprisonment to be followed by three years of supervised release. (*Id*.)  Petitioner's projected good-time credit release date is November 18, 2012.  (#13, at 3.)

---

[5]In one action, the 2009 Rule finalized three proposed rules, issued in 2000, 2004, and 2006.  74 FR 1892-01, 2009 WL 76657 (January 14, 2009.)  The 2009 rules are applicable to all inmates applying to RDAP after March 16, 2009.

Petitioner was admitted to the RDAP program on August 23, 2010, and on August 30, 2010, he was determined to be ineligible for early release under 18 U.S.C. § 3621(e).  (#13, Attach. 3.) The Offense Review form listed the precluding offense information and relevant other information as follows:  "Felon in Possession of Firearms and Ammunition, 18 USC 922(g) and 924 - precluding pursuant to 28 C.F.R. § 550.55(b)(5((ii), (iii) & (6), in addition to PS 5162.05 sections 3.a, 3.c, 4.d and 4.e."  (*Id*. Attach. 2.) Petitioner challenges the validity of the rules under which the BOP designated him ineligible for early release under § 706 of the APA. (#15, at 11.)

## **DISCUSSION**

In *Lopez v. Davis*, the Supreme Court held that the BOP has discretion under 18 U.S.C. § 3621 to promulgate regulations categorically denying the early release incentive associated with RDAP to prisoners who possessed a firearm in connection with their offenses, and that it was reasonable for the BOP to do so.  531 U.S. 230.  Thus, the issue in this proceeding is not whether the BOP has the authority under the governing statute to promulgate such a categorical exclusion, or whether the exclusion is consistent with the statute.  Rather, the issue is whether the exclusion in the 2009 rule, codified at 28 C.F.R. § 550.55(b)(5), is invalid under § 706(2)(A) of the APA because it is arbitrary and capricious.

9 - OPINION AND ORDER

The Court previously resolved precisely this issue in *Peck v. Thomas*, CV. 10-709 (Mar. 30, 2011), finding the regulations valid and denying habeas relief. For the same reasons, Petitioner is not entitled to habeas relief.[6]

## CONCLUSION

Based on the foregoing, the Petition for Writ of Habeas Corpus (#2) is DENIED with prejudice.

IT IS SO ORDERED.

DATED this  20th  day of April, 2011.

/s/ Michael W. Mosman
Michael W. Mosman
United States District Judge

---

[6]To the extent Petitioner raises an Equal Protection claim in his *pro se* petition, that claim must fail because he does not present facts demonstrating he was treated differently from other similarly situated inmates. *Reeb v. Thomas*, 2011 WL 723106 (9th Cir. March 3, 2011).

10 - OPINION AND ORDER